UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20953-CIV-LENARD/O'SULLIVAN

MAZZINI TRADING, LTD,
a foreign corporation,

    Plaintiff,

v.

QUALITY YACHTS, C.A.,
a foreign corporation,

    Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the Defendant Quality Yachts['] Motion for Partial Summary Judgment (DE# 43, 1/25/13). This matter was referred to the undersigned by the Honorable Joan A. Lenard in accordance with Rule 1 of the Magistrate Rules of the Southern District of Florida (DE# 6/27/12) and with the parties' consent (DE# 8, 4/9/12). Having carefully considered the motion, the response, and the reply, as well as the court file and the applicable law, it is

ORDERED AND ADJUDGED that the Defendant Quality Yachts['] Motion for Partial Summary Judgment (DE# 43, 1/25/13) is DENIED as more fully discussed below.

## DISCUSSION

The defendant's motion for partial summary judgment seeks to limit the scope of the plaintiff's damages. Specifically, the defendant argues that the liquidated damages provision in the Settlement Agreement is unenforceable under Florida law because the

damages for breach were readily ascertainable and the amount is grossly disproportionate to the actual loss and thus, constitutes a penalty.  Additionally, the defendant argues that loss of use damages are not available for a non-commercial pleasure yacht.

The plaintiff argues that the owner of a vessel, pleasure or commercial, like any other chattel may recover loss of use damages as an element of the owner's damage naturally flowing from the breach fo contract.  The plaintiff contends that the measure of loss of use is the fair rental value.  The plaintiff maintains that the liquidated damages clause in the Settlement Agreement, drafted by the defendant, was intended to compensate the plaintiff for all of its damages, including loss of use.  The plaintiff argues that admiralty law does not apply because this action does not involve a collision or maritime tort.  Instead, it involves a breach of contract, i.e. the parties' Settlement Agreement, and is governed by Florida law.  The plaintiff further argues that there are issues of fact regarding whether the damages for breach were ascertainable at the time the parties entered the Settlement Agreement and whether $2,000 per day is grossly disproportionate to the damages reasonably expected to flow from the breach under the facts of this case.  The undersigned agrees.

I.   <u>Loss of Use Damages Are Available under Florida Law</u>

The parties' Settlement Agreement expressly provides that Florida law governs. Translated Settlement Agreement (DE# 43-4, 1/25/13).  In <u>Florida Drum Co. v. Thompson</u>, 668 So. 2d 192, 193 (Fla. 1996), the Supreme Court of Florida held that "the plaintiff can only recover for the cost of repair and for loss of use that occurs during a reasonable period of time for repairs to be accomplished.  Any loss of use,

deterioration, or other damage that occurs after this reasonable period of time has passed is not the defendant's responsibility."  In Florida Drum Co., the owner of a yacht contracted with the shipyard to lift the yacht out of the water and place it on longneck jack stands for repairs to begin.  Strong winds blew the yacht off the longneck jack stands and the yacht sustained damage.  The owner sued for breach of contract and negligence.  The trial court entered judgment in favor of the shipyard, but the intermediate appellate court reversed and remanded.  The intermediate appellate court found that "'regardless of the theory of recovery, negligence or contract, it was error to allow the jury to be apprised of Thompson's insurance coverage.'" Id. at 192 (quoting Thompson v. Florida Drum Co., 651 S. 2d 180, 182 (Fla. 1st DCA 1995).   It certified a question to the Supreme Court of Florida regarding whether the owner's casualty insurance was admissible to show that the owner failed to mitigate damages.  The Supreme Court of Florida answered the certified question in the negative because mitigation is not an issue when the damages a plaintiff can recover under the circumstances such as this are limited (i.e. cost of repair and loss of use that occurs during a reasonable period).  Id. at 193.

      The defendant does not distinguish Florida Drum Co. and instead, relies on maritime decisions that are inapposite because they relate to collisions and/or maritime torts.  The defendant's motion for partial summary judgment to exclude loss of use damages is DENIED.

II.    Liquidated Damages

      Florida law permits contracting parties to stipulate in advance to the amount that is to be paid or retained as liquidated damages in the event of a breach of contract.

Lefemine v. Baron, 573 So. 2d 326, 328 (Fla. 1991) (citation omitted); Goldblatt v. C.P. Motion, Inc., 77 So. 2d 798, 800 (Fla. 3d DCA 2011). "Although generally enforceable in Florida courts, such clauses may be held invalid where their purpose is to deter a breach." Id. (citation omitted). To be enforceable, a liquidated damages clause must satisfy two conditions:

> First, the damages consequent upon a breach must not be readily ascertainable. Second, the sum stipulated to be forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages.

Id. (quoting Lefemine, 573 So. 2d at 328).

> In Goldblatt, the Court explained that
>
> when the actual damages contemplated by the parties upon breach are susceptible of ascertainment by some known rule or pecuniary standard and the stipulated sum is disproportionate thereto, it will be regarded as a penalty. Such being the case, the corollary of the rule should be true, that is, that when the actual damages cannot be susceptible of ascertainment by some known rule or pecuniary standard under reasonable circumstances, the stipulated amount should be regarded as liquidated damages, and the parties should be bound by their covenants and the contract so made. The prime factor in determining whether such sum is a penalty or a forfeiture is whether the sum named is just compensation for damages resulting from the breach.

Id. at 801(quoting North Beach Investments, Inc. v. Sheikewitz, 63 so. 2d 498, 499 (1953)).

To determine whether the contractual provision is one for liquidated damages or a penalty, the Court should consider 1) the reasonableness of the provision; 2) the certainty of establishing actual damage; and 3) the intent of the parties. Everbank v. Fifth Third Bank, Case No. 3:10-cv-1175-J-12TEM, 2012 WL 3277110 (M.D. Fla. Aug.

4

9, 2010)(citing T.A.S. Heavy Equipment, Inc. v. Delint, Inc., 532 So. 2d 23, 25 (Fla. 4th DCA 1988)).  The important question is whether at the time the contract is executed, the damages flowing from breach are readily ascertainable.  Id. (citing Delint, Inc., 532 So. 2d at 25).  "Where there is doubt as to whether a provision is a penalty or a proper liquidated damages clause, 'the tendency of the courts is to construe a provision for payment of an arbitrary sum a penalty rather than one for liquidated damages."  Goldblatt, 77 So. 2d at 801 (quoting Delint, Inc., 532 So. 2d at 25).

Generally, "whether an agreed sum agreed to be paid upon breach is penalty or a liquidated damages is a question of law for the court, and when it is doubtful, the courts tend to construe a provision for the payment of an arbitrary sum as a penalty, rather than one for liquidated damages." Id. (citing Delint, Inc., 532 So. 2d at 25). "However, a triable issue of fact may be raised regarding whether damages were ascertainable at the time of contracting in order to determine whether the provision serves as a true penalty clause or is a liquidated damages clause." Id. (citation omitted).

In Everbank, the district court denied the motion for partial summary judgment on the issue of liquidated damages because it concluded that a triable issue of fact existed regarding whether the total amount of the plaintiff's potential damages if a breach occurred was readily ascertainable.  As a result, the Everbank court denied the motion for partial summary judgment.

In the present case, the Court is unable to determine the intent of the parties and whether the damages for breach were readily ascertainable at the time the parties entered the Settlement Agreement.  The defendant argues that the $2,000 per day

5

damages constitute a penalty because the amount is the same regardless of whether the breach is substantial or minimal.  See Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1351 (11th Cir. 2000) (citing Hyman v. Cohen, 73 So. 2d 393, 398 (Fla. 1954) (*en banc*)) (vacating the award of liquidated damages because the settlement agreement did not apportion liquidated damages based on failure to complete different ADA accommodations).  The plaintiff suggests that the $2,000 per day damages are in line with daily rental fees for the loss of use of a yacht and thus, the amount is not grossly disproportionate to actual damages.  The record lacks evidence for the Court to determine whether the $2,000 per day is grossly disproportionate to what the actual damages for breach would be.

In Florida Drum Co., the Supreme Court of Florida limited damages to the cost of repairs and the loss of use for a reasonable time.  Evidence at trial will enable the Court to determine whether the contractual provision for $2,000 per day constitutes a penalty or an enforceable liquidated damages provision.  Based on the foregoing, the Defendant Quality Yachts['] Motion for Partial Summary Judgment (DE# 43, 1/25/13) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of May, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record